IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>       Applicant, <br> v. <br> GROUPON, INC., <br>       Respondent. | ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) |

### APPLICATION FOR AN ORDER TO SHOW CAUSE
### WHY SUBPEONA SHOULD NOT BE ENFORCED

The United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") files this application for an order to show cause why two administrative subpoenas, issued by the EEOC on June 3, 2015, should not be enforced against Groupon, Inc. ("Application"). In support of its Application, the EEOC states as follows:

1. This is an action for enforcement of two subpoenas pursuant to § 710 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-9.

2. Jurisdiction is conferred upon the Court by § 706(f)(3), 42 U.S.C. §2000-5(f)(3), and by § 11 of the National Labor Relations Act, 29 U.S.C. § 161, as amended, incorporated in § 710 of Title VII, 42 U.S.C. § 2000e-9.

3. The EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, including, <u>inter alia</u>, the investigation of charges of unlawful employment practices, and is authorized to bring this action pursuant to § 710 of Title VII, 42 U.S.C. § 2000e-9.

4. Groupon, Inc. ("Respondent") has at all relevant times been an employer within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 20003(b), (g) and (h).

5. On October 16, 2014, Adrian Stratton filed a Charge of Discrimination against Respondent, Charge No. 520-2014-03121, alleging that Respondent unlawfully discriminated against him on the basis of his race in violation of Title VII by failing to hire him.

6. On June 3, 2015, EEOC served Respondent with Subpoena Nos. CH-15-028 and CH-15-027.

7. Subpoena No. CH-15-028 requested the Respondent provide the EEOC with access to the premises, including, but not limited to, employee work and break areas, software and technology related to Respondent's hiring and recruiting processes, and records and other documents related to Respondent's hiring and recruiting processes. The subpoena requested further that Respondent produce access to a company representative, designated by Respondent, who is competent to discuss and describe all software, technology, records, and other documents related to Respondent's hiring and recruitment processes for the purpose of answering questions and/or providing assistance.

8. Subpoena No. CH-15-027 requested the following:

    - Category 1: identification of all systems used by Respondent to advertise or recruit prospective candidates;
    - Category 2: a database of all *employees* including their race, date of application, source of application (referral, direct, etc.), position, date of separation, address, and the name and race of the individual who referred the employee, if applicable;
    - Category 3: a database of *applicants* for employment seeking the same information described above in Category 2;
    - Category 4: a database of the 192 *applicants\for the VP position* seeking the same information described above in Category 2; and
    - For each individual described in Category 4, submission of unredacted copies of all application materials including social media account information and writing samples (emphasis added).

9. On June 15, 2015, Respondent filed with the Commission a Petition to Revoke or Modify Subpoena Nos. CH-15-028 and CH-15-027 ("Petition to Revoke"). Specifically, Respondent sought to have the Subpoenas revoked or modified on the grounds that they were beyond the scope of the allegations in the Charge of Discrimination, production would be unduly burdensome and they were duplicative of information already provided by Respondent. Further, Respondent argued EEOC failed to satisfy procedural requirements before issuing the Subpoenas.

10. On December 8, 2015 the Commission issued a Determination denying the Petition to Revoke but did modify the Subpoenas.

11. Respondent failed to comply fully with the Subpoenas, as modified.

WHEREFORE, the EEOC respectfully requests that this Court:

A. Immediately issue an Order to Show Cause directing Respondent to appear before this Court on a certain date to show cause why an order should not issue directing Respondent to comply fully with the EEOC's Subpoenas, as modified;

B. Upon return of the Order to Show Cause, issue an order directing Respondent to comply fully with the Subpoenas, as modified;

C. Award the EEOC its costs in bringing this action; and

D. Grant the EEOC such further relief as may be necessary and appropriate.

Dated: May 20, 2016                                     Respectfully submitted,


                                                        __s/Laurie S. Elkin____

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661