UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) | |
| Applicant, | ) ) | No. 16 C 5419 |
| v. | ) ) | Judge Sara L. Ellis |
| GROUPON, INC., | ) ) | |
| Respondent. | ) | |

## OPINION AND ORDER

The United States Equal Employment Opportunity Commission ("EEOC") filed an application for an order to show cause [1] to enforce two administrative subpoenas served on Groupon, Inc., ("Groupon") in the course of an investigation of a race discrimination charge by Adrian Stratton, an unsuccessful job applicant, filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. The Court finds that the subpoenas are relevant to the underlying charge and not overly broad. Additionally, the Court finds that Groupon fails to demonstrate that compliance with the subpoenas would be unduly burdensome. Therefore, the Court grants the application and enforces the subpoenas.

## BACKGROUND

On October 16, 2014, Stratton filed a Charge of Discrimination ("Charge") against Groupon alleging that Groupon discriminated against him on the basis of his race by failing to hire him for the position Vice President of Merchandising. Stratton's Charge stated in relevant part, "I applied for a position with [Groupon] on or around January 2014. I was not hired. I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended." Doc. 3-1 at 6.

EEOC sent Groupon notice of the Charge on October 23, 2014, and began to investigate whether Groupon's hiring policies and practices violate Title VII by discriminating against applicants based on race. Groupon filed a response with EEOC denying the allegations on November 24, 2014.

On February 2, 2015, EEOC made its first request for information from Groupon. Specifically it requested to conduct on-site interviews of the individual who reviewed Stratton's application and of other individuals identified by Groupon as familiar with the company's policies and practices for recruiting and hiring new employees. Groupon responded on February 12, 2015, offering to produce the relevant employees. EEOC conducted interviews of these employees on February 18, 2015.

On March 13, 2015, EEOC sent Groupon a request for additional information, to which Groupon objected on April 10, 2015, arguing that the request was overly broad. However, Groupon did provide information it deemed directly related to the hiring of the Vice President of Merchandising position in response to this request.

On May 13, 2015, EEOC requested access to Groupon's Chicago headquarters to conduct an on-site investigation. Groupon objected on May 21, 2015, arguing that the on-site investigation was irrelevant to the Charge.

On June 3, 2015, EEOC issued two administrative subpoenas, Subpoena Nos. CH-15-027 and CH-15-028 (the "Subpoenas"), to Groupon. Subpoena No. CH-15-027 requests the following information from January 1, 2014[1] to present:[2]

---

[1] Subpoena No. CH-15-027 originally requested information from January 1, 2013 to present. EEOC modified this period in response to Groupon's objections. Therefore, the Court refers to the modified date.

- Category 1: Identification of all systems used by Groupon to advertise or recruit prospective candidates;

- Category 2: A database of all employees including their race, date of application, source of application (referral, direct, etc.), position, date of separation, address, and the name and race of the individual who referred the employee, if applicable;

- Category 3: A database of applicants for employment seeking the same information described in Category 2;

- Category 4: A database of the 192 applicants for the VP position for which Stratton applied seeking the same information described in Category 2; and

- For each individual described in Category 4, submission of unredacted copies of all application materials including social media account information and writing samples

Subpoena No. CH-15-028 requests the following information:

- Category 1: Access to the premises, including, but not limited to, employee work and break areas, software and technology related to Groupon's hiring and recruiting processes; and

- Category 2: Testimony of a representative, designated by Groupon, who is competent to discuss and describe all software, technology, records, and other documents related to Groupon's hiring and recruitment processes for the purpose of answering questions and/or providing assistance.

In response to the Subpoenas, Groupon submitted a Petition to Revoke or Modify the Subpoenas to EEOC on June 15, 2015, again arguing that the requests were overbroad and not relevant. EEOC issued a Determination on the Petition on December 9, 2015, in which EEOC declined to revoke the Subpoenas but did modify them. EEOC modified Subpoena No. CH-15-027 to limit the timeframe of the request to January 1, 2014 to present, to limit the geographic scope to the Chicago headquarters, and to clarify Category 1 to request a list of websites and

---

[2] The term present is not defined in the Subpoenas or in the parties' filings. However, EEOC's memorandum in support of the application states that they are seeking "data for less than two years." Doc. 3 at 7. January 1, 2014 to the date of this order is over two and a half years, whereas January 1, 2014 to June 3, 2015, the date the Subpoenas were issued, is less than two years. Therefore, for purposes of deciding this petition, the Court understands "present" to mean the date the subpoena was issued, June 3, 2015.

platforms Groupon uses to recruit. EEOC modified Subpoena No. CH-15-028 to only require that a recruiter show an EEOC investigator how the recruiting process works on the recruiter's computer, to not seek access to work areas or break areas, to only request screenshots of screens viewed by the investigator and not other materials previously requested under Category 1, and to only request testimony from the one recruiter who provides the tour of Groupon's software related to hiring and recruiting under Category 2. The determination directed Groupon to reply to the Subpoenas as modified by December 30, 2015.

On February 5, 2016, Groupon provided EEOC with application materials submitted for the Vice President of Merchandising position, but it did not provide any of the other materials requested by the Subpoenas. On May 20, 2016, EEOC filed the present application.

## LEGAL STANDARD

The role of federal courts in subpoena enforcement proceedings is "sharply limited." *EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th. Cir. 1987). Such proceedings "are designed to be summary in nature." *Id.*; *see also EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002). If EEOC demonstrates that "the investigation is within the agency's authority, the subpoena is not too indefinite, and the information sought is reasonably relevant, the district court must enforce an administrative subpoena." *Tempel Steel Co.*, 814 F.2d at 485. The Court may modify or exclude portions of the subpoena "only if the employer carries the difficult burden of showing that the demands are unduly burdensome or unreasonably broad." *United Air Lines, Inc.*, 287 F.3d at 653 (citations omitted). The Court does not consider the merits of the underlying charge of discrimination. *See EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n. 26, 104 S. Ct. 1621, 80 L. Ed. 2d 41 (1984).

**ANALYSIS**

Groupon does not argue that EEOC lacks the authority to investigate Stratton's charge or that the Subpoenas are too indefinite. Groupon's challenge to the Subpoenas is that they are overly broad, they request irrelevant information, they place an undue burden on Groupon, and EEOC already has sufficient information to investigate the Charge. For the reasons stated below, each of these arguments fails.

**A.     The Subpoenas are Relevant and Not Overbroad.**

Courts have adopted a liberal view of relevance when reviewing EEOC subpoenas; information is relevant if it "might cast light on the allegations against the employer." *United Air Lines, Inc.*, 287 F.3d at 652 (quoting *Shell Oil*, 466 U.S. at 68–69). In particular, information about "whether an employer discriminated against other members of the same class for purposes of hiring . . . may cast light on whether an individual person suffered discrimination." *EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 369 (7th Cir. 2011) ("*Konica Minolta*").

In determining the relevance of requested information, the Court first must determine the nature of the charge underlying a subpoena. *United Air Lines, Inc.*, 287 F.3d at 654. The Charge alleges employment discrimination based on Stratton's race. The Subpoenas seek information about other Groupon employees and applicants for employment at Groupon's Chicago headquarters as well as information about Groupon's recruiting and hiring practices at the Chicago headquarters. EEOC argues that this information is relevant to Stratton's charge because it could "illustrate discriminatory patterns of conduct," and that such a finding would support an inference that race was the motivation behind the failure to hire Stratton. Doc. 3 at 7.

When investigating a charge of race discrimination, EEOC "is authorized to consider whether the overall conditions in a workplace support" the allegations. *Konica Minolta*, 639 F.3d at 369. Therefore, EEOC may request evidence about a company's employment practices beyond those specifically contained in the Charge during the course of an investigation. *Id.*; *see also EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 311 n. 8 (7th Cir. 1981) ("The courts uniformly uphold the relevancy of EEOC subpoenas seeking information about discrimination not specifically alleged in the charge."). Evidence regarding whether Groupon discriminates in recruiting and hiring based on race at its Chicago headquarters will advance EEOC's investigation into whether Groupon discriminated against Stratton based on his race.

Groupon argues that other courts have found the information sought by subpoenas irrelevant and refused to enforce them where EEOC did not establish a link between the subpoena and the underlying charge. Each case cited by Groupon dealt with a subpoena that sought information well beyond the scope of the underlying charge and unlikely to cast light on the alleged conduct. For example, in *EEOC v. Royal Caribbean Cruises, Ltd.*, when investigating a claim of discrimination because of an HIV diagnosis, EEOC sought company-wide information about employees with any medical condition who were terminated as a result of that condition. 771 F.3d 757, 760–61 (11th Cir. 2014). The court found this information to be irrelevant because EEOC did not show how information about the employer's handling of other employees' illnesses was relevant to the claims of an employee with HIV where the employer freely admitted that it fired the employee because he was diagnosed with HIV. Therefore, there was nothing further that the requested information could clarify about the employer's motives in firing him. *Id.* at 761.

Additionally, in *EEOC v. Loyola University Medical Center*, EEOC sought sensitive medical information about every employee subjected to an involuntary fitness for duty examination. 823 F. Supp. 2d 835, 837 (N.D. Ill. 2011). Where the only issue under investigation was whether the examination was job related or consistent with business necessity, information about other employees with different job responsibilities and different disabilities and medical conditions would not cast any light on whether the employee's examination was job related. *Id.* at 839.

Unlike the information sought in the cases cited by Groupon, the information sought here is the exact type of information that the Seventh Circuit contemplated when it held that "[r]acial discrimination is 'by definition class discrimination,' and information concerning whether an employer discriminated against other members of the same class for the purposes of hiring or job classification may cast light on whether an individual person suffered discrimination." *Konica Minolta*, 639 F.3d at 369 (quoting *United Air Lines, Inc.*, 287 F.3d at 653). Therefore, the information sought is relevant.

Groupon argues that the information sought is overbroad and beyond what is "necessary to investigate the single hiring decision for the Vice President of Merchandising." Doc. 10 at 9. Necessity is not the same thing as relevance, and there is no requirement that information sought be "necessary" to enforce an administrative subpoena. The Court's review of the application is sharply limited and summary in nature; the Court is not empowered to determine which information sought is necessary to the investigation versus just merely relevant. *Tempel Steel Co.*, 814 F.2d at 485. The Seventh Circuit has uniformly enforced subpoenas seeking broad employment information in race discrimination cases in the past without inquiring into the necessity of the otherwise relevant information. *Konica Minolta*, 639 F.3d at 369.

7

Groupon also argues that the Subpoenas seek information outside of the relevant temporal scope. Courts have typically placed temporal limitations on EEOC subpoenas; however, these temporal limits are governed by the same broad relevancy requirement of the information itself. *See EEOC v. Roadway Exp., Inc.*, 261 F.3d 634, 642 (6th Cir. 2001). The temporal proximity of the requested information to Stratton's application for employment is sufficiently close that the relevance of the information is not substantially diminished. Therefore, the Subpoenas are not overbroad.

### B.     The Subpoenas Do Not Create an Undue Burden.

Groupon argues that the Subpoenas should not be enforced because compliance with them would be an undue burden. The Court must "weigh the likely relevance of the requested material to the investigation against the burden to the respondent of producing the material." *United Air Lines, Inc.*, 287 F.3d at 654 (citation omitted). The Court should consider the cost compared to the resources the employer has at its disposal. *Id*. The Court may only modify the Subpoenas if Groupon "carries the difficult burden of showing that the demands are unduly burdensome or unreasonably broad." *Id.* In *Bay Shipbuilding Corporation*, the Court held that subpoenas should be enforced "unless compliance would threaten the normal operation of a respondent's business." 668 F.2d at 313. While, this standard is "more illustrative that categorical," it shows how high the standard is. *United Air Lines, Inc.*, 287 F.3d at 653.

The information requested in Subpoena No. CH-15-027 is voluminous. Groupon has over 1,900 employees in Chicago, and received at least 25,000 applications over the relevant time period. Subpoena No. CH-15-027 requests detailed information about each of these applicants and employees. Groupon states that producing this information might take four months and would require hiring three to five temporary employees and five to ten hours per

8

week from a current Groupon employee to assist with the effort. Additionally, Groupon asserts that since 2008 it has used at least three different methods to track applicant data and two systems to track hiring data and that data from old systems is no longer stored in a usable format. Converting the old data to a useable format would take an unspecified amount of effort, which Groupon characterizes as "significant." Doc. 10-15 ¶ 8.

The effort described above needs to be weighed against the likely relevance of the requested material. *United Air Lines, Inc.*, 287 F.3d at 654. Unlike the cases that Groupon cites in its favor, the requested material here is not "tangential" or "marginally relevant." *Id*. at 655; *EEOC v. ABM Janitorial-Midwest, Inc.*, 671 F. Supp. 2d 999, 1006 (N.D. Ill. 2009) (refusing to enforce subpoena of information from successor entity that never employed the charging party where the information was at best marginally relevant). On the contrary, the evidence is very likely to cast light on whether Stratton suffered discrimination. *See Konica Minolta*, 639 F.3d at 369 (enforcing a subpoena seeking information concerning whether same employer discriminated against other members of the same class) (citing *United Air Lines, Inc.*, 287 F.3d at 653).

The effort also must be measured against the resources Groupon has available. *United Air Lines Inc.*, 287 F.3d at 654. The parties do not provide any detailed figures with which to compare the request and the available resources, but Groupon roughly estimates that responding to the Subpoenas would require three to five temporary staff and five to ten hours per week from one permanent employee. This is in contrast to the over 1,900 employees Groupon employs in Chicago. It is Groupon's burden to demonstrate the undue burden of responding to the Subpoenas. The Court finds this information insufficient to make a conclusive evaluation about

9

Groupon's resources and further notes that the addition of three to five temporary employees does appear unconscionable. The Court finds Groupon fails to demonstrate an undue burden.

Finally, there is a presumption that "compliance should be enforced to further the agency's legitimate inquiry into matters of public interest." *United Air Lines, Inc.*, 287 F.3d at 653 (citation omitted). Race discrimination "continues to be a matter of grave public concern." *Konica Minolta*, 639 F.3d at 371. Groupon's assertion that compliance with the Subpoenas would be burdensome fails to overcome this presumption. *See id.* (Employer's assertion that it would "have to obtain, organize, and produce the materials" is insufficient to overcome presumption of enforcement of valid subpoena in race discrimination case).

The Court thus finds that the investigation is within the authority of EEOC, the Subpoenas seek relevant information, and Groupon has failed to show that compliance with the Subpoenas would constitute an undue burden. Therefore the Court orders the Subpoenas enforced as modified by EEOC's December 9, 2015 Determination.

## CONCLUSION

For the reasons stated above, the Court grants EEOC's application and Subpoena Nos. CH-15-027 and CH-15-028 as modified by EEOC's December 9, 2015 Determination are ordered enforced.

Dated: September 21, 2016

SARA L. ELLIS
United States District Judge